UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMMED SALAWU,<br><br>  Petitioner,<br><br>v.<br><br>ROY L. HENDRICKS, et al.,<br><br>  Respondents. | Civil Action No. 13-6416 (ES)<br><br><br>**MEMORANDUM OPINION** |

**SALAS, District Judge**:

   1.   Mohammed Salawu, a native and citizen of Nigeria, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his post-removal period detention since April 16, 2013, at Essex County Correctional Facility in New Jersey by the Department of Homeland Security ("DHS").  He asserts that he entered the United States on a student visa in 1985; DHS took him into pre-removal period custody on March 20, 2011; an Immigration Judge ordered his removal to Nigeria on December 28, 2012; his removal order became final on April 16, 2013, when the Board of Immigration Appeals denied his appeal.  He asserts that his removal to Nigeria is not realistic because he cooperated fully in efforts to remove him and "Nigeria has a special Treaty with the United States on the procurement of travel document[s] that must be initiated by [DHS], with or without the petitioner's consent or contribution to the process of obtaining Petitioner's travel document."  (ECF No. 1 at 5.)  He further maintains that his removal to Nigeria "is not significantly likely to occur in the reasonably foreseeable future, as [DHS] has no evidence on hand or on the record for a certain date to obtain Petitioner's travel document from the Nigerian Consulate."  *Id.* at 5.  He argues that his prolonged detention without a hearing to

determine whether his detention is necessary is not authorized by statute or regulation, and violates his right to due process of law.

2. This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his detention violates federal law and his constitutional rights. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

3. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), *see* 28 U.S.C. § 2254 Rules 1(b), this Court has screened the Petition for dismissal. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). For the reasons explained below, this Court will summarily dismiss the Petition because Petitioner has not alleged facts showing that there is "good reason to believe that there is no significant likelihood of removal [to Nigeria] in the reasonably foreseeable future," as required by *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

4. Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." *See* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A). Section § 1231(a)(2) requires DHS to detain aliens during this 90-day removal period. *See* 8 U.S.C. §

1231(a)(2) ("During the removal period, the Attorney General shall detain the alien").  This 90-day removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

5. If DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien.  *See* 8 U.S.C. § 1231(a)(6) ("An alien ordered removed . . . may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).")

6. The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689.  To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* at 701.

7. To state a claim under § 2241, the alien must assert facts showing that he has been detained for more than six months and that there is no significant likelihood of removal in the reasonably foreseeable future.  *See Zadvydas*, 533 U.S. at 701.  Specifically, the Court held:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for detention to

> remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

    8. In this Petition, Petitioner asserts that an Immigration Judge ordered his removal on December 28, 2012, and that the Board of Immigration Appeals denied his appeal on April 16, 2013. Under these circumstances, the six-month presumptively reasonable period of post-removal-period detention began on April 17, 2013, and did not expire until October 17, 2013. Petitioner signed the § 2241 Petition presently before this Court on October 17, 2013, the day the presumptively reasonable six-month period expired. Moreover, Petitioner acknowledges that Nigeria has a treaty with the United States to accept Nigerians deported from the United States, and he provides no facts indicating that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. In the absence of such facts, *Zadvydas* does not require the government to respond with facts to rebut that showing. *See Zadvydas*, 533 U.S. at 701 ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."); *see also Barenboy v. Attorney General of U.S.*, 160 F. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and

internal quotation marks omitted).  In the absence of facts showing that there is good reason to believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future, his detention remains authorized by 8 U.S.C. § 1231(a)(6).

9. Petitioner also argues that DHS violated his due process rights by failing to give him a hearing.  This claim lacks merit because, under the rationale of *Zadvydas*, an alien is not entitled to a hearing unless he has been detained beyond the presumptively reasonable six-month period *and* he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future.  *Zadvydas*, 533 U.S. at 701; *cf. Wilson v. Hendricks*, Civ. No. 7315 (KM), 2013 WL 324743, at *2 (D.N.J. Jan. 25, 2013) ("The U.S. Supreme Court has adopted a rule of thumb that a post-removal detention of up to six months is reasonable, but that a bond hearing may be required after that time.")[1]

10. Finally, Petitioner argues that DHS is violating its own regulations, *see* 8 C.F.R. § 241.14, by continuing to detain him in the absence of any determination that he has a contagious disease, his release poses a serious adverse foreign policy consequence, or that he must be detained on account of security or terrorism concerns or because he is particularly dangerous.  The problem with this argument is that 8 C.F.R. § 241.14 "applies to removable aliens as to whom the Service has made a determination under § 241.13 that there is no significant likelihood of removal in the reasonably foreseeable future."  8 C.F.R. § 241.14(a)(1).  Section 241.13 applies "where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably

---

[1] This Court declines to adopt the Ninth Circuit's holding in *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011), that "an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community."

foreseeable future." 8 C.F.R. § 241.13(a). Since Petitioner does not allege that he provided immigration officials with good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, and he does not set forth facts establishing good reason in his § 2241 petition, he has not alleged any violation of the cited regulations.

11. The instant Petition must be dismissed because Petitioner "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future,'" *Encarnacion-Mendez v. Attorney General of U.S.*, 176 F. App'x 251, 254 (3d Cir. 2006), and he has not otherwise shown that his detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see, e.g., Joseph v. United States*, 127 F. App'x 79, 81 (3d Cir. 2005) ( "Under *Zadvydas*, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and [petitioner] has failed to make that showing here."); *Soberanes v. Comfort*, 388 F.3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); *Akinwale v. Ashcroft*, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Petitioner can allege facts showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.[2]

---

[2] Alternatively, if Petitioner has reason to believe that his removal in the reasonably foreseeable future is not likely, he may at any time ask DHS to review his detention and he may submit written documentation supporting his request. *See* 8 C.F.R. § 241.13(d)(1) ("An eligible alien may submit a written request for release to [DHS] asserting the basis for the alien's belief that there is

    12.   An appropriate Order accompanies this Memorandum Opinion.


                                      *s/ Esther Salas*  
                                      **Esther Salas, U.S.D.J.**

Dated: May 2, 2014

---

no significant likelihood that the alien will be removed in the reasonably foreseeable future.   The alien may submit whatever documentation to [DHS] he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future.")